IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-14322-KMM

SIEGFRIED CHRISTMAN,

    Plaintiff,

vs.

CITY OF FT. PIERCE, RALPH HOLMES, and
JAMES TEDDER,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTFF'S MOTION TO REMAND

THIS CAUSE came before the Court upon Defendants City of Ft. Pierce, Ralph Holmes, and James Tedder's Motion to Dismiss (ECF No. 4) and Plaintiff's Motion to Remand (ECF No. 5). These motions have been fully briefed and are now ripe for review.

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

I.     **BACKGROUND**[1]

This case stems from Plaintiff Seigfried Christman's arrest in February 2009, for burglary and theft of trade secrets. Compl. ¶ 9. Christman was employed as an independent contractor by William and Johnson, Inc. ("W&J"). Id. Upon agreement with his manager, Alfonso Johnson, Christman kept client files at his residence, because of a lack of space at the kiosk where he worked. Pl. Resp. Def. Judicial Not., Ex. A Def. Ans. Interr. (ECF No.21). After the mutual

---

[1] The factual background is taken from Defendants' Motion to Dismiss, Plaintiff's Motion to Remand, Plaintiff's Complaint (ECF No. 1-2), Defendants' Request for Judicial Notice (ECF No. 15), and Plaintiff's Response to Defendants' Judicial Notice (ECF No. 21). The facts are viewed in the light most favorable to the Plaintiff as the non-movant.

termination of his independent contractor agreement, Christman allegedly failed to return client files to W&J. Id. Johnson called the Fort Pierce Police and reported that Christman had trespassed and burglarized the W&J kiosk, taking the client files. See Pl. Resp. Def. Judicial Not., Ex. B Off. Holmes Arrest Aff. Officer Holmes called Christman to inquire about the incident. Id. Christman told him that he had the files in his possession, but that he would not return them. Id. Christman then hung up on Officer Holmes. Id. Officer Holmes then went to Christman's residence and arrested him and confiscated the files. Id.

Christman filed the Complaint in this case in the Nineteenth Judicial Circuit in St. Lucie County, Florida. Christman's claims against the City of Fort Pierce are for False Arrest (Count I), Declaratory Relief (Count II), and violation of his Fourth Amendment rights (Count IV). Christman's claim against Officer Holmes and Officer Tedder (Count III) is for violation of his Fourth Amendment rights. Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441. Defendants then moved to dismiss the Complaint, and Plaintiff moved to remand.

## II.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id. If the facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown the pleader is entitled to relief. Id. at 1950. A complaint must also contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

A *pro se* plaintiff's pleadings are read liberally and the Court holds the plaintiff to a less stringent standard than pleadings by attorneys. See Estelle v. Gamble, 429 U.S. 97 (1976). Although the Court must afford a *pro se* litigant wide leeway in pleadings, a *pro se* litigant still must allege sufficient facts in a complaint to support a cognizable legal claim. Excess Risk Underwriters, Inc. v. LaFayette Ins. Co., 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002).

### III. ANALYSIS

#### A. Defendant Officer Holmes

Christman previously litigated this matter against Officer Holmes in Christman v. Holmes, et al., Case No. 10-cv-14225-DLG. Judge Graham dismissed that case with prejudice for failure to state a claim upon which relief could be granted. The Eleventh Circuit affirmed this dismissal in Christman v. Holmes, et al., 2011 U.S. App. LEXIS 18074 (11th Cir. 2011).

The doctrine of *res judicata*, or claim preclusion, bars a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (citations

omitted). This bar pertains not only to claims that were raised in the prior action, but also to claims that could have been raised previously. Id. (citing Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1271 (11th Cir. 2002)). In determining whether the prior and present causes of action are the same, must decide whether the actions arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." Davila, 326 F.3d at 1187 (quoting In re Piper Aircraft Corp., 244 F.3d 1289, 1297 (11th Cir. 2001)).

In Christman v. Holmes, et al., Judge Graham's dismissal of Christman's Complaint was with prejudice for failure to state a claim upon which relief could be granted. It was therefore a judgment upon the merits. Christman's Complaint in the instant case is based upon the same arrest incident that was the basis for his Complaint in Christman v. Holmes, et al. Both of these Complaints therefore arose from the same nucleus of operative facts. Christman had the opportunity to allege the present claim against Officer Holmes in Christman v. Holmes, et al., but did not. Accordingly, Christman's Complaint against Officer Holmes in the instant case is barred by the doctrine of *res judicata*. Christman's Complaint against Officer Holmes is therefore dismissed with prejudice.

### B. Remaining Federal Law Claims

The Court examines the remaining federal law claims in Christman's Complaint because the resolution of those claims determines whether this Court has continued jurisdiction over this matter. The Court declines to evaluate the state law claims in Christman's Complaint at this time.

#### 1. Count III Against Defendant Officer Tedder

In Count III Christman alleges that Officer Tedder violated his Fourth Amendment right to be "secure in his home from unreasonable search and seizure . . . ." Compl. ¶ 24. Christman

4

claims that Officer Tedder violated this right when he arrested him in his home, and seeks remedy pursuant to 42 U.S.C. § 1983. Id. The only other allegation in the Complaint that Christman attributes to Officer Tedder is that he unreasonably caused Christman's prosecution without probable cause. Id. ¶ 13.

In order to state a claim under § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right protected under the Constitution or federal law. Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986). However, qualified immunity offers complete protection for government officials if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In the instant case, Christman makes conclusory allegations that Officer Tedder violated his Fourth Amendment rights and that he acted unreasonably and without probable cause. The Complaint fails to allege any facts regarding Officer Tedder's actual conduct. Moreover, the facts presented in the Parties' motions indicate that the police officers had probable cause and acted pursuant to a criminal complaint filed by Johnson, the manager of W&J. See Pl. Resp. Def. Judicial Not., Ex. A Def. Ans. Interr. When Officer Holmes telephoned Christman to investigate the reported crime, Christman hung up on him. See Pl. Resp. Def. Judicial Not., Ex. B Off. Holmes Arrest Aff. Officer Holmes then went to Christman's home and arrested him. Id. It is unclear what role Officer Tedder played in this process, and equally unclear how Officer Tedder violated any of Christman's constitutional rights. As such, Christman's Complaint alleges insufficient facts to state a claim against Officer Tedder and Count III against Officer Tedder is therefore dismissed without prejudice.

This is the first time that Christman has brought this Complaint against Officer Tedder, and the Court recognizes that Christman filed this Complaint in state court, but the Defendants removed the case to this Court. Accordingly, the Court gives Christman leave to amend his Complaint to properly allege any federal claims. If Christman does not amend his Complaint to allege sufficient federal claims, only state law claims will remain, and the Case will be remanded to the Nineteenth Judicial District in St. Lucie County.

2. Count IV Against The City of Fort Pierce

To assert a claim against a city under § 1983, a plaintiff must prove that a constitutional deprivation resulted from a custom, policy, or practice of the city. Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Such liability, however, may not be predicated on a theory of *respondeat superior*. Id.

In Count IV of his Complaint, Christman brings a cause of action against the City of Fort Pierce in which he alleges that police officers violated his Fourth Amendment right when they arrested him in his home. The only mention of a custom or policy being the cause of this arrest is in paragraph seven wherein Christman alleges Officers Holmes and Tedder were acting according to the customs and policies of the City of Fort Pierce.

These conclusory statements are insufficient to state a § 1983 claim against the City of Fort Pierce, and Count IV of Plaintiff's Complaint is therefore dismissed without prejudice. Christman is again given leave to amend his Complaint in order to plead sufficient federal claims, or this matter will be remanded.

IV. **CONCLUSION**

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (ECF No. 4) is

GRANTED IN PART. Plaintiff's Complaint against Defendant Police Officer Ralph Holmes is DISMISSED WITH PREJUDICE. Count III and IV of Plaintiff's Complaint are DISMISSED WITHOUT PREJUDICE. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff is given leave to Amend his Complaint in accordance with this Order and must do so within fourteen (14) days of the issuance of this Order, or his federal claims will be dismissed and his remaining state law claims will be remanded to the 19th Judicial District in St. Lucie County.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of December, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record